# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

SHANNON COLLINS, on behalf of S.D.C., )
)
)
      Plaintiff, )
)
v. ) Case No. CIV-14-184-SPS
)
CAROLYN W. COLVIN, )
Acting Commissioner of the Social )
Security Administration, )
)
      Defendant. )

## OPINION AND ORDER AWARDING
## ATTORNEYS' FEES TO THE PLAINTIFF UNDER THE EAJA

The Plaintiff was the prevailing party in this appeal of the Commissioner of the Social Security Administration's decision denying benefits under the Social Security Act. She seeks attorney's fees and costs in the amount of $5,490.20 under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412. *See* Plaintiff's Motion and Brief in Support for an Award of Attorney's Fees Under the Equal Access to Justice Act 28 U.S.C. § 2412 [Docket No. 22]. The Commissioner objects and urges the Court to deny the request. For the reasons set forth below, the Court concludes that the Plaintiff should be awarded the requested amount of attorney's fees under the EAJA as the prevailing party herein.

The Commissioner's sole argument in opposition to the requested fees under the EAJA is that the Commissioner's position was substantially justified, and that fees should therefore be denied. The Court disagrees.

On appeal, the Plaintiff asserted that the ALJ improperly assessed the evidence related to the six domains of functioning for applicants under the age of eighteen years old. The Commissioner asserts that her position was substantially justified because it was a reasonable position, that her position can be substantially justified even if it is wrong, and that deficiencies in articulating reasoning do not warrant an award of attorney fees. *See* 28 U.S.C. § 2412(d)(1)(A) ("[A] court shall award to a prevailing party . . . fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."). "The test for substantial justification under the EAJA, the Supreme Court has added, is simply one of reasonableness." *Madron v. Astrue*, 646 F.3d 1255, 1257-1258 (10th Cir. 2011), *citing Pierce v. Underwood*, 487 U.S. 552, 563-564 (1988). In order to establish substantial justification, the Commissioner must show that there was a reasonable basis for the position she took not only on appeal but also in the administrative proceedings below. *See, e. g., Gutierrez v. Sullivan*, 953 F.2d 579, 585 (10th Cir. 1992) ("We consider the reasonableness of the position the Secretary took both in the administrative proceedings and in the civil action Plaintiff commenced to obtain benefits."), *citing Fulton v. Heckler*, 784 F.2d 348, 349 (10th Cir. 1986). *See also Marquez v. Colvin*, 2014 WL 2050754, at *2 (D. Colo. May 16, 2014) ("For purposes of this litigation, the Commissioner's position is both the position it took in the underlying administrative proceeding and in subsequent litigation defending that position."). "In other words, it does not necessarily follow from our decision vacating an administrative decision that the government's efforts to defend that decision lacked substantial justification." *Madron*, 646 F.3d at

1258. Here, the Commissioner argues that in this childhood disability case the ALJ's assessment of the "caring for yourself" domain was reasonable, and that any other "deficiencies in articulation" are not sufficient to justify an award of attorney fees. But the ALJ ignored evidence from an opinion to which he assigned "great weight," and the Court's opinion did not find a "deficiency of articulation," but rather found that the ALJ wholly failed to connect his findings in each of the domains to specific evidence, resulting in conclusory findings requiring reversal. Inasmuch as it was the ALJ's obligation to provide such a reasonable basis, *see, e. g., Clifton v. Chater,* 79 F.3d 1007, 1009 (10th Cir. 1996) ("In the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion[.]"). *See also Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001) ("Although we review the ALJ's decision for substantial evidence, 'we are not in a position to draw factual conclusions on behalf of the ALJ.'"), *quoting Prince v. Sullivan,* 933 F.2d 598, 603 (7th Cir. 1991), it is difficult to see how anything said on appeal could justify the ALJ's failure to do so in each of the six domains. *See Hackett v. Barnhart*, 475 F.3d 1166, 1174 (10th Cir. 2007) ("[W]e hold that EAJA 'fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position.'"), *quoting United States v. Marolf*, 277 F.3d 1156, 1159 (9th Cir. 2002).

What matters here is that the Plaintiff was successful in obtaining a reversal of the Commissioner's denial of benefits on the basis of one of the propositions she advanced. *See Marquez*, 2014 WL 2050754, at *2 ("Under the EAJA, 'fees generally should be

awarded where the [Commissioner's] underlying action was unreasonable even if the [Commissioner] advanced a reasonable litigation position.'"), *quoting United States v. Marolf,* 277 F.3d 1156, 1159 (10th Cir. 2002). The Commissioner has not challenged the amount of the fee request, only whether it should be awarded. The Court therefore concludes that the Plaintiff should be awarded attorney's fees as the prevailing party under the EAJA. *See, e. g., Gibson-Jones v. Apfel,* 995 F. Supp. 825, 826-27 n.3 (N.D. Ill. 1998) (holding that the Commissioner's position was not substantially justified where the ALJ provided an inadequate basis for denying benefits and adding: "It would be unfair to require Ms. Gibson-Jones to appeal her denial of benefits and then not award her attorney's fees because the ALJ is given a second chance to support his position.").

Accordingly, IT IS ORDERED that the Plaintiff's Motion and Brief in Support for an Award of Attorney's Fees Under the Equal Access to Justice Act 28 U.S.C. § 2412 [Docket No. 22] is hereby GRANTED and that the Government is hereby ordered to pay attorneys' fees in the amount of $5,490.20 to the Plaintiff as the Prevailing party herein. IT IS FURTHER ORDERED that if the Plaintiff's attorney is subsequently awarded any fees pursuant to 42 U.S.C. § 406(b)(1), said attorney shall refund the smaller amount of such fees to the Plaintiff pursuant to *Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986).

**IT IS SO ORDERED** this 17th day of July, 2015.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma